**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DELTA T, LLC,

        Plaintiff,

v.                                        Case No:  6:20-cv-170-Orl-40EJK

KALE FANS AMERICA S.A. DE C.V.,

        Defendant.
_____/

**ORDER**

This cause is before the Court on its Order to Show Cause why Defendant should not be held in civil contempt. (Doc. 56). The matter was initiated by Plaintiff's Motion for Order to Show Cause (Doc. 52), filed June 2, 2020, and Defendant's Response in Opposition (Doc. 67), filed June 19, 2020. The Court held an evidentiary hearing on June 23, 2020. (Doc. 73).[1] Upon due consideration of the pleadings, and with the benefit of an evidentiary hearing and argument, the Court's Order to Show Cause is due to be discharged.

**I.  BACKGROUND**

On February 3, 2020, the Court entered a Temporary Restraining Order ("**TRO**") enjoining Defendant, and any other persons or entities acting in concert with Defendant, from using Plaintiff's U.S. Trademark No. 5,797,569 and related common law rights (the "**BAF Mark**") in connection with, *inter alia*, advertising, displaying, showing, promoting,

---

[1]  The transcript of the hearing is at docket entry 80.

marketing, or offering for sale in the United States commercial and industrial ventilating fans with the color yellow applied to the end of the fan blades. (Doc. 9, pp. 2–3). More specifically, the TRO provided:

> i. Defendant Kale Fans America S.A. DE C.V., its affiliates, parents, subsidiaries, agents, servants, employees, distributors, independent contractors, attorneys, and any persons or entities acting in concert with it, including Kale Environmental Technology (Shanghai) Corporation, a Chinese company, are hereby, immediately and temporarily **ENJOINED** from using the BAF Mark in connection with the manufacturing, advertising, displaying, showing, promoting, marketing, importing into, offering for sale, and selling in the United States the Infringing Products at the 2020 AHR Expo in Orlando, Florida, from February 3–5, 2020.
>
> ii. Defendant Kale Fans America S.A. DE C.V. is hereby **ENJOINED** from offering for sale, selling, advertising, displaying, showing, marketing, promoting, soliciting the sale of, or otherwise engaging in the sale or prospective sale of the Infringing Products to preserve the status quo until a hearing can be held for a preliminary injunction.

(*Id.* at p. 3).

Following an evidentiary hearing on February 20, 2020, the Court entered an Order converting the TRO into a Preliminary Injunction. (Doc. 38 (the "**Order**")). Plaintiff alleges that, after the entry of the Court's Order, on February 25, 2020, Defendant posted and maintained videos on multiple social media platforms that contain the BAF Mark and advertise, display, show, market, and promote the Infringing Products. Specifically, these allegedly infringing posts include at least the following:

> 1. A LinkedIn post from May 13, 2020, with an embedded promotional video depicting Defendant's Eurus III and AirFree fans, both of which contain the BAF Mark. (Doc. 52-1).
>
> 2. A Facebook post from May 12, 2020, with the same embedded promotional video depicting Eurus III and AirFree fans. (Doc. 52-2).

>    3. A YouTube video from April 24, 2020, incorporating a clip of the same video depicting Eurus III and AirFree fans. (Doc. 52-3).
>
>    4. A Twitter post from February 20, 2020, containing a photo of an infringing AirFree fan. (Doc. 52-4).

Each of these posts displays infringing fans with yellow-tipped blades, and none of them contain "disclaimer" language indicating that the fans will not be sold or made available for sale in the United States.

## II.   STANDARD OF REVIEW

District courts have inherent power to enforce compliance with their orders through civil contempt. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980); *see also Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366, 2018 WL 8838771, at *2 (M.D. Fla. May 4, 2018).

The party seeking an order of civil contempt has the burden of demonstrating by clear and convincing proof "that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000) (citation omitted); *see also FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010). The evidence must also establish clearly and convincingly that the order was indeed violated. *FTC v. Garden of Life, Inc.*, 845 F. Supp. 2d 1328, 1331 (S.D. Fla. 2012)

Once the movant makes a prima facie showing that a violation has occurred, the burden of production then shifts to the alleged contemnor, which may defend its failure on the grounds that it was unable to comply. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992). The absence of willfulness is not a defense to a charge of civil contempt. *Leshin*, 618 F.3d at 1232.

3

"[S]ubstantial, diligent, or good faith efforts are not enough; the only issue is compliance." *Id.* "[I]n a civil contempt proceeding the question is not one of intent but whether the alleged contemnors have complied with the court's order." *Id.* at 1233 (citation omitted).

### III.  DISCUSSION

The issue before the Court is whether Defendant's passive advertisement on the internet of products which, if marketed for sale in the United States, would infringe Plaintiff's trademark violated the preliminary injunction entered in this case. Mr. Joseph Miller testified on behalf of Plaintiff and identified the four (4) social media posts promoting the sale of products that violate Plaintiff's trademark. (Doc. 80, 13:10–15:24). Mr. Miller tasked an employee, Mr. Daniel Gdowski, to examine social media to see if Defendant was advertising Infringing Products in the United States. (*Id.* at 26:3–6; 30:5–31:7; 35:23–36:10). All of the social media posts are in the Spanish language and none specifically target the United States market. (Docs. 75-1 to 75-8).  For the following reasons, the Court finds that such passive advertisement does not violate the Court's Order.

The pertinent portion of the Court's Order enjoins Defendant from "using the BAF Mark in connection with the manufacturing, **advertising**, displaying, showing, promoting, marketing, importing into, offering for sale, and selling **in the United States** the" Infringing Products. (Doc. 9, p. 3) (emphasis added). The Court's Order does not enjoin Defendant from engaging in any of these activities outside of the United States—where Plaintiff's mark has no effect. The Defendant argues, correctly, that "there have been no advertisements, displays, promotions or showings of" Infringing Products in violation of the U.S. trademark rights, and Defendant's internet displays are of products available in other countries. (Doc. 67, p. 1). To the extent the Court's Order conveyed the impression

4

that the injunction against activity directed to consumers within the United States extended to international commerce, the Order is ambiguous. This point is highlighted by the Court's several incorrect observations during the evidentiary hearing that internet activity is global, and any posting equates with activity directed at the U.S. market.

The Defendant argues, and the Court agrees, that "the Lanham Act, including an injunction under the Lanham Act, is not enforceable against foreign citizens selling foreign products in foreign countries; such sales do not have a 'substantial effect' on U.S. commerce . . . ." (Doc. 67, p. 7); *see Int'l Cafe v. Hard Rock Cafe Int'l*, 252 F.3d 1274, 1278-79 (11th Cir. 2001) *(*citing *Steele*, 344 U.S. at 282–86, 288–89, and *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 638, 64043 (2d Cir. 1956)); *see also N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 U.S. 1211, 1218-20 (11th Cir 2008) (explaining "use in commerce" as a necessary element of any infringement claim under the Lanham Act); *Planetary Motion, Inc. v. Techsplosion, Inc.,* 261 F.3d 1188, 1193–97 (11th Cir. 2001) (explaining that "use in commerce" is a "jurisdictional predicate" of the Lanham Act). Accordingly, the language of the Court's preliminary injunction, limiting the injunction to advertising "in the United States" is consistent with the authority cited by Defendant. The ubiquity of the internet does not license extraterritorial application of the Lanham Act. A broader and more encompassing interpretation of the Court's Order is not consistent with the law.[2]

---

[2] The supplemental authority provided to the Court by Plaintiff during oral argument does not alter this analysis.

## IV. CONCLUSION

For these reasons, the Order to Show Cause (Doc. 56) is discharged with a finding that Defendant has not violated the preliminary injunction.

**DONE AND ORDERED** in Orlando, Florida on August 12, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties