UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DELTA T, LLC,**

        **Plaintiff,**

**v.**                                     **Case No: 6:20-cv-170-PGB-EJK**

**KALE FANS AMERICA S.A. DE
C.V. and KALE
ENVIRONMENTAL
TECHNOLOGY (SHANGHAI)
CORPORATION,**

        **Defendants.**

## ORDER

      This cause comes before the Court on Plaintiff's Motion to Assess Attorneys' Fees Against Kale China (the "Motion"), filed September 14, 2021. (Doc. 183.) Upon consideration, the Motion is due to be granted in part.

## I.      BACKGROUND

      On June 22, 2021, Plaintiff requested a court order compelling Defendant Kale Environmental Technology (Shanghai) Corporation (hereinafter, "Kale China") to produce overdue documents pursuant to its subpoena duces tecum (the "Subpoena"). (Doc. 150.) Because Kale China did not respond to the motion, the Court construed that motion as unopposed, granted it, deemed Kale China's objections waived, and directed Kale China to produce responsive documents on or before July 15, 2021

(hereinafter "Discovery Order").[1] (Doc. 153.)

Kale China responded to the Subpoena on July 30, 2021, with either objections the Court already deemed waived in the Discovery Order (Nos. 2–8, 10–18, 20–28, 34) or by indicating that no responsive documents exist (Nos. 1, 9, 19, 30, 31, 32, 33). (Doc. 171-1.) On August 10, 2021, Plaintiff filed a Second Motion to Compel, arguing that Kale China did not comply with the Discovery Order because it raised objections in its July 30, 2021 production, and requesting that the Court, once again, direct Kale China to respond to the Subpoena. (Doc. 171.) The undersigned granted the Second Motion to Compel and ordered that Kale China pay Plaintiff's reasonable expenses, including attorneys' fees, associated with bringing the Motion to Compel (Doc. 150) and the Second Motion to Compel (Doc. 171). (Doc. 176.) The parties were directed to meet and confer as to the amount of attorneys' fees. The Court noted that, should the parties be unable to reach an agreement as to the amount, Plaintiff should file a motion for attorneys' fees. (*Id.* at 5.)

Plaintiff filed the instant Motion, to which Kale China filed a response in opposition on September 28, 2021. (Doc. 189.) The Court granted Plaintiff's Motion for Leave to Reply (*see* Doc. 193), which Plaintiff filed on October 7, 2021. (Doc. 194.)

## II.   STANDARD

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel is granted, the court must require the party whose conduct made the motion necessary

---

[1] The Court extended the deadline to July 30, 2021. (Doc. 157.)

to pay the "reasonable expenses incurred in making the motion, including attorney's fees" unless the failure to respond was substantially justified or an award of costs would be unjust. *Rafferty v. Retrieval-Masters Creditors Bureau, Inc.*, 325 F.R.D. 471, 473 (M.D. Fla. 2018), *objections overruled*, No. 5:17-cv-426-Oc-40-PRL, 2018 WL 2058153 (M.D. Fla. May 1, 2018). Evidence of a good faith effort to resolve a dispute prior to filing a motion to compel is required to justify an award of attorney's fees. *Real Estate Indus. Sols., LLC v. Concepts in Data Mgmt. U.S Inc.*, No. 6:10-cv-1045-Orl-GJK, 2012 WL 12903885, at *2 (M.D. Fla. Feb. 21, 2012) (holding that failure to meet and confer prior to filing a motion to compel, even where the moving party made multiple efforts to resolve the dispute after the motion to compel had been heard, precluded an award of attorney's fees under Fed. R. Civ. P. 37(a)(5)(A)).

In the Eleventh Circuit, courts must use the lodestar approach in order to determine reasonable attorney fees. *Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l*, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 (M.D. Fla. Jan. 6, 2010); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). The court must determine the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); *Norman*, 836 F.2d at 1299. The Court must exclude from its calculation "excessive, redundant or otherwise unnecessary" hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

experience, and reputation." *Norman*, 836 F.2d at 1299. "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).

As the fee applicant, Plaintiff "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. Plaintiff may meet this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." *Chemische*, 2010 WL 98991 at *4. "[T]he Court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services." *Id.* (citing *Norman*, 836 F.2d at 1303); *see also Perez v. Sanford-Orlando Kennel Club, Inc., et al.*, No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.").

## III.   DISCUSSION

As an initial matter, the undersigned addresses Defendant Kale China's opposition to "any award of fees or costs." (Doc. 189 ¶ 1.) The Court has already ordered that Kale China pay "Plaintiff's reasonable expenses, including attorneys' fees, associated with bringing the Motion to Compel (Doc. 150) and the Second Motion to Compel (Doc. 171)." (Doc. 176 at 5.) To argue otherwise at this point is untimely and inappropriate.

Plaintiff seeks $18,803.00 in attorneys' fees for a total of 36.1 hours expended by five attorneys at three different law firms. (*See* Doc. 183-1.) Kale China challenges only the hours expended on the motions, raising no objection to the reasonableness of the hourly rates. Therefore, the Court finds that the hourly rates are reasonable and addresses only the number of hours reasonably expended.

The attorney fee applicant should present records detailing the amount of work performed. "Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Rynd v. Nat'l Mut. Fire Ins. Co.*, No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at *3 (M.D. Fla. Jan. 25, 2012), *report and recommendation adopted*, No. 8:09-cv-1556-T-27TGW, 2012 WL 939247 (M.D. Fla. Mar. 20, 2012) (internal citations omitted). Then, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." *Id.* at *3 (internal citations omitted). Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) (internal quotations omitted). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.*

Regarding the first Motion to Compel (Doc. 150), Kale China opposes all of the time entries recorded by attorney Thomas F. Harkins ("TFH") without providing any specific objection to the number of hours claimed. (Doc. 189 ¶ 13.) Kale China also

opposes the 6.4 hours expended by attorney Richard L. Schwartz ("RLS").[2] Finally, Kale China opposes the 2.1 hours attorney Taylor F. Ford ("TFF") expended researching, revising, and finalizing the first motion to compel. (Doc. 189 ¶ 13.) Kale China does not provide a reason for this opposition.

Regarding the Second Motion to Compel (Doc. 171), Kale China again opposes all of the time entries recorded by TFH and RLS in drafting the motion, totaling 5.1 hours and 3.4 hours, respectively. (Doc. 189 ¶ 17.) Kale China also lodges a blanket opposition to the 1.7 hours entered by attorney Richard A. Keller, asserting that the entries "appear to consist of double billing." (*Id.* ¶ 18.)

The undersigned agrees with Plaintiff that Kale China fails to adequately meet its burden of "pointing out with specificity which hours should be deducted." *Rynd*, 2012 WL 939387 at *3. Kale China's broad oppositions ignore the Court's order that attorneys' fees be granted, and, as Plaintiff points out, demonstrate Kale China's unreasonable expectation that "motions [] materialize," rather than the reality that attorneys must spend time writing them. (Doc. 194 ¶ 7.) Nonetheless, in reviewing Plaintiff's billing records, the undersigned agrees with Kale China that the hours "claimed by Plaintiff do not accurately reflect the substance and difficulty of the matter." (Doc. 189 ¶ 11.) For example, Plaintiff submits over 12 hours of billing entries

---

[2] It is unclear to the Court how Kale China arrived at this number as the billing records show RLS expended only a total of 4.7 hours before June 22, 2021, the date on which the first motion to compel was filed. To the extent Kale China included hours RLS expended on meet and confer efforts following the filing of the first motion to compel, it is unclear to the Court which entries Kale China opposes and why.

concerning the first motion to compel. In light of the 500-word limit and straightforward legal issues, the number of hours expended is excessive. *See Brancato v. Cotrone*, No. 5:18-cv-368-Oc-30PRL, 2019 WL 6051432, at *2 (M.D. Fla. Nov. 15, 2019) (finding 8.1 hours reasonable for preparing a motion to compel, a response to the defendant's cross motion, and a motion for attorneys' fees); *Cake v. Casual Concepts, Inc.*, No. 3:16-cv-102, 2017 WL 3917001, at *9 (M.D. Fla. Aug. 16, 2017) (finding 3.6 hours reasonable for a motion to compel); *Pharis v. Kirkman Mangmt., LLC*, No. 6:12-cv-1748, 2013 WL 6001088, at *3 (M.D. Fla. Nov. 12, 2013) (allowing 2.8 hours for a motion to compel).

Given the absence of specific objections or any proposal of a reasonable reduction by Kale China, the undersigned accepts Plaintiff's suggestion of an overall percentage reduction approach. Upon a review of the billing entries, a twenty percent reduction of the disputed amount would award Plaintiff its reasonable attorneys' fees while also excluding "excessive, redundant or otherwise unnecessary" hours. *Hensley*, 461 U.S. at 434; *see Galdames*, 432 F. App'x at 806–07 (affirming the district court's "across-the-board" reduction of fees for an attorney by twenty percent). Kale China disputes $15,054 of the $18,803 Plaintiff claims. (Doc. 189 ¶ 20.) Therefore:

$15,054 (disputed amount) x 0.2 = $3,010.80

$15,054 – $3,010.80 = $12,043.20

$12,043.20 + $3,749 (undisputed amount) = $15,792.20

Thus, Plaintiff is awarded $15,792.20 in attorneys' fees.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that:

1.  Plaintiff's Motion to Assess Attorneys' Fees Against Kale China (Doc. 183) is **GRANTED IN PART**.

2.  Plaintiff is **AWARDED** $15,792.20 in attorneys' fees.

**DONE** and **ORDERED** in Orlando, Florida on October 26, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record